# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JANA LUKER, | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. 4:09-cv-3860 |
| vs. | § | |
| | § | |
| | § | |
| GC SERVICES, LP, | § | |
| Defendant | § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Jana Luker, hereinafter referred to as Plaintiff complaining against GC Services, LP hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA"), and the Texas Business and Commercial Code, Subchapter E, Chapter 17 (hereinafter "DTPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

**PARTIES**

4. Plaintiff, Jana Luker ("Plaintiff"), is a natural person who at all relevant times resided in the State of Alabama, County of Talladega, and City of Munford.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, GC Services, LP ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In addition to calling Plaintiff's cellular telephone, Defendant made and/or placed calls to Plaintiff's residential number in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14. On or around August 28, 2009, Defendant's representative, Greg Reese, spoke with Plaintiff during the first thirty (30) days of collection contacts

and threatened that he would "start the paperwork" to garnish Plaintiff's wages if she did not immediately pay the debt or make suitable arrangements to pay the debt.

15. On or around October 12, 2009, Defendant's employee, Steve Hill, called Plaintiff and threatened that Citibank would take Plaintiff to court and take her home if she did not pay or make suitable arrangements to pay within forty eight (48) hours.

16. In a subsequent telephone conversation recorded by Plaintiff, on or around October 16, 2009, a "Mr. Sullivan," who represented himself as a manager for Defendant mentioned that Greg Reese was reprimanded for threatening to "start the paperwork" for garnishing Plaintiff's wages.

17. In the same telephone conversation, Mr. Sullivan stated that the law provides that it is acceptable to garnish a bank account that contains disability income.

18. Mr. Sullivan went on to clarify that while it is unlawful to intercede and take disability payments before they reach the intended party, it is legal to garnish the funds once they reach the bank account.

19. Plaintiff's income is derived from her disability benefits.

20. Plaintiff suffers from major depression recurrent severe without psychosis, panic disorder with agoraphobia, generalized anxiety, social anxiety, severe obsessive-compulsive disorder, and a mixed personality disorder.

21. Plaintiff has taken and continues to take multiple forms of prescribed medication and has undergone psychotherapy.

22. Defendant's threats to garnish Plaintiff's disability wages, and its threat that Citibank would take her to court and take away her home caused her to cash out a bond in the amount of $6,612 to pay Defendant, so as to avoid garnishment of her sole source of income.

23. Defendant's actions exacerbated Plaintiff's mental and emotional conditions, causing further mental and emotional pain and anguish.

## COUNT I: VIOLATIONS OF 15 U.S.C. § 1692e(5)

24. Plaintiff incorporates by reference all of the preceding paragraphs.

25. 15 U.S.C. § 1692e(5) prohibits debt collectors from threatening "to take any action which cannot legally be taken or that is not intended to be taken."

26. Defendant violated § 1692e(5) when its employee Greg Reese, threatened to garnish Plaintiff's wages, when he had no intentions of doing so and only mentioned garnishment in an attempt to induce Plaintiff into paying the alleged debt.

Case 4:09-cv-03860 Document 31 Filed in TXSD on 06/25/10 Page 6 of 17

27. To the extent that Defendant's employee, Greg Reese, actually intended to garnish Plaintiff's wages, Defendant violated § 1692e(5) by threatening to garnish Plaintiff's wages when such action could not legally be taken.

28. Federal non-bankruptcy laws protect disability income from garnishment. *See* 42 U.S.C. § 407.

29. Thus, Defendant violated § 1692e(5) by threatening to garnish Plaintiff's disability income when such income is protected by federal law.

30. In addition, Defendant's employee Steve Hill called Plaintiff and threatened that Citibank would take Plaintiff to court and take her home if she did not pay or make suitable arrangements to pay within forty eight (48) hours.

31. Defendant's employee had no knowledge of whether Citibank intended to sue, and threatened the possible lawsuit only as an attempt to induce Plaintiff into paying the alleged debt.

32. Thus, Defendant violated § 1692e(5) when its employee, Steve Hill, threatened that Citibank would sue Plaintiff and take her home when Defendant had no knowledge of whether Citibank intended to sue.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF 15 U.S.C. § 1692g(b)

33. Plaintiff incorporates by reference all of the preceding paragraphs.

34. Defendant violated § 1692g(b) by overshadowing the disclosures required by § 1692g(a) during the thirty day dispute period.

35. 15 U.S.C. § 1692g(a) requires debt collectors to disclose certain information to debtors within five days after the initial communication with a debtor. *See* 15 U.S.C. § 1692g(a)(1)–(5).

36. 15 U.S.C. § 1692g(b) prohibits "[a]ny collection activities and communication during the 30-day period [that] overshadow or [are] inconsistent with the disclosure of the consumer's right to dispute the debt . . . ."

37. A debt collector does not comply with section 1692g(a) "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed *effectively* to the debtor." *Swanson v. Southern Oregon Credit Serv.,*

*Inc.,* 869 F. 2d 1222, 1225 (9th Cir.1988) (emphasis added). A collection letter, even should it track the statutory language of the FDCPA, "nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Meselsohn v. Lerman*, 485 F. Supp. 2d 215 (E.D. N.Y. 2007). Language is "overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.,* 74 F. 3d at 30 (2d Cir. 1996).

38. Defendant's threat to garnish Plaintiff's wages, made within the thirty day dispute period, violated § 1692g(b) by overshadowing the initial disclosures required by § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III: VIOLATIONS OF 15 U.S.C. § 1692e(10)

39. Plaintiff incorporates by reference all of the preceding paragraphs.

40. 15 U.S.C. § 1692e(10) prohibits debt collectors from using "any false representation or deceptive means to collect or attempt to collect any debt."

41. Defendant violated § 1692e(10) when its employee, Greg Reese, threatened to "start the paperwork" on garnishment for Plaintiff's wages when he did not intend to do so and only threatened to do so to induce Plaintiff into paying the alleged debt.

42. Defendant also violated § 1692e(10) when its employee, Steve Hill, threatened that Citibank would take Plaintiff to court and take away her home in an attempt to induce Plaintiff into paying the alleged debt.

43. Defendant again violated § 1692e(10) when its employee, Mr. Sullivan, misstated the law concerning garnishment of disability income in an attempt to induce Plaintiff into paying the alleged debt.

44. Federal non-bankruptcy laws protect disability income from garnishment. *See* 42 U.S.C. 407.

45. Yet, Defendant's employee stated that the law provides that it is acceptable to garnish disability income once it hits Plaintiff's bank account.

46. This was a clear misstatement of the law, and, as such, constitutes a "false representation or deceptive means" in violation of § 1692e(10).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV: VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

47. Plaintiff incorporates by reference all of the preceding paragraphs.

48. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT V: VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT § 392.301(a)(8)

49. Plaintiff incorporates by reference all of the preceding paragraphs.

50. Section 392.301(a)(8) of the TDCPA provides:

(a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

. . .

(8) threatening to take an action prohibited by law.

51. Defendant violated § 392.301(a)(8) of the TDCPA when its employee, Greg Reese, threatened to "start the paperwork" for garnishing Plaintiff's wages, even though Plaintiff's primary source of income consisted of disability income.

52. Federal non-bankruptcy laws protect disability income from garnishment. *See* 42 U.S.C. 407.

53. Therefore, Defendant, through its employee Greg Reese, threatened to "take an action prohibited by law" in violation of the TDCPA § 392.301(a)(8).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TDCPA § 392.301(a)(8);

b) Awarding Plaintiff statutory damages;

c) Awarding Plaintiff actual damages;

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff emotional/mental anguish damages;

f) an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally;

g) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VI: VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT § 392.304(a)(18)

54. Plaintiff incorporates by reference all of the preceding paragraphs.

55. Section 392.304(a)(18) of the TDCPA prohibits debt collectors from using "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

56. Defendant violated § 392.304(a)(18) when its employee, Greg Reese, threatened to "start the paperwork" when he did not intend to do so and only threatened to do so to induce Plaintiff into paying the alleged debt.

57. Defendant also violated § 392.304(a)(18) when its employee, Steve Hill, threatened that Citibank would take Plaintiff to court and take away her home in an attempt to induce Plaintiff into paying the alleged debt.

58. Defendant again violated § 392.304(a)(18) when its employee, Mr. Sullivan, misstated the law concerning garnishment of disability income in an attempt to induce Plaintiff into paying the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TDCPA § 392.304(a)(18);

b) Awarding Plaintiff statutory damages;

c) Awarding Plaintiff actual damages;

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff emotional/mental anguish damages;

f) Awarding Plaintiff discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally;

g) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### COUNT VII: VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

59. Plaintiff incorporates by reference all of the preceding paragraphs.

60. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices Act and Consumer Protection Act cited in this Third Amended Complaint as the "DTPA."

61. Section 392.404(a) of the TDCPA provides that "[a] violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."

62. Defendant was given notice in writing of the claims made in this Third Amended Complaint more than sixty days before this Third Amended Complaint was filed in the manner and form required by DTPA § 17.505(a).

63. Defendant made numerous material representations in an attempt to collect the purported debt as detailed above.

64. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

65. Defendant's actions were done maliciously and in willful, wanton, and reckless disregard for the rights of Plaintiff.

66. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

67. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the DTPA;

   b) Awarding Plaintiff statutory damages of at least $100 per violation;

   c) Awarding Plaintiff actual/economic damages;

   d) Awarding Plaintiff exemplary/punitive damages;

   e) Awarding Plaintiff emotional/mental anguish damages

f) Awarding Plaintiff discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally;

g) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

Respectfully submitted,
Weisberg and Meyers, LLC

By: /s/Marshall Meyers
Marshall Meyers
*Admitted Pro Hac Vice*
5025 N. Central Ave. #602
Phoenix, AZ 85012
Phone: (888) 595-9111 ext. 111
Facsimile: (866) 565-1327
mmeyers@attorneysforconsumers.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on June 25, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.