UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANA LUKER, | § |
|     *Plaintiff*, | § |
| v. | §     CIVIL ACTION H-09-3860 |
| GC SERVICES, LP, | § |
|     *Defendant*. | § |

## ORDER

Pending before the court is the Magistrate Judge's Memorandum and Recommendation ("M&R") regarding (1) Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim Regarding Guy Sullivan (Dkt. 48); (2) Defendant's Motion for Partial Summary Judgment on Plaintiff's Actual Damages Claims (Dkt. 50); (3) Defendant's Motion for Partial Summary Judgment on Plaintiff's Claims Under 47 U.S.C. § 227(b)(A)(iii) (Dkt. 51); (4) Defendant's Motion for Summary Judgment on Plaintiff's Claims for Statutory and Exemplary Damages Under the Texas Debt Collection Practice Act (Dkt. 52); and (5) Defendant's Motion for Partial Summary Judgment on Plaintiff's Claims Under the Texas Business and Commerce Code (Dkt. 53). Dkt. 70. Plaintiff Jana Luker has filed objections to the M&R (Dkt. 71) and defendant GC Services, LP has filed a response to Luker's objections (Dkt. 72). After considering the M&R, all relevant filings, and the applicable law, the court is of the opinion that the M&R should be ADOPTED IN PART and that Luker's objections to the M&R should be SUSTAINED IN PART AND OVERRULED IN PART.

# I. ANALYSIS

Luker asserts four objections to the M&R. Dkt. 71. First, she objects to the M&R's recommendation that the court dismiss the Texas Debt Collection Practices Act ("TDCPA") and Fair Debt Collection Practices Act ("FDCPA") relating to the statements made by Guy Sullivan. Dkt. 48. Second, she objects to the M&R's recommendation that the court dismiss her Deceptive Trade Practices Act claims. Dkt. 53. Third, she objects to the M&R's recommendation that the court dismiss her claim for common law exemplary damages, in part. Dkt.52. Finally, Luker objects to the M&R's recommendation that the court dismiss her claim for economic damages. Dkt. 50. The court will address these objections *seriatim*.

## A. Claims Regarding Sullivan Under the FDCPA and TDCPA

The M&R recommends that Luker's claims under the FDCPA and the TDCPA relating to the conduct of Guy Sullivan be dismissed because the statements were not made to "collect a debt." Dkt. 70 at 12-15. Luker objects to this recommendation, arguing that the M&R's recommendation "effectively imposed an intent requirement and undercuts the remedial purposes of the Acts." Dkt. 71. Luker also claims that the court should have considered whether Sullivan was attempting to collect a debt under the "least sophisticated consumer" standard and that the M&R relied on erroneous facts. *Id.*

### 1. Intent

First, Luker argues that the Magistrate Judge's determination that Sullivan did not use his misrepresentations to collect a debt "effectively imposes an intent requirement and undercuts the remedial purposes of the Act." Dkt. 71. Luker relies on *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605 (2010). In *Jerman*, the Supreme Court noted that "Congress did not confine liability under the FDCPA to 'willful' violations." *Jerman*, __ U.S.

\_\_, 130 S. Ct. 1605, 1613 (2010).  However, the Supreme Court was specifically addressing whether a debt collector's unintentional misinterpretation of the legal requirements of the FDCPA qualified as a "bona fide error" under 15 U.S.C. § 1692k(c), thus excusing the debt collector from liability for "ignorance of the law."  *Id.* at 1611-12.  The Supreme Court declined to adopt such an expansive reading of the "bona fide error" exception, noting that "ignorance of the law will not excuse any person, either civilly or criminally."  *Id.* at 1611.  Here, the M&R does not suggest that the claims against Sullivan should be dropped because his misrepresentation about the law was unintentional.  Rather, it suggests that Sullivan was not attempting "to collect a debt" during the phone call.  Dkt 70.  Thus, *Jerman* is not controlling.

        2.        "Least Sophisticated Consumer"

Luker's argument about the M&R=s failure to take into account the "least sophisticated consumer" requirement is unavailing for the same reason.  In *Taylor v. Perrin, Landry, deLaunay & Durand*, the Fifth Circuit discussed whether the representations in a collection letter were deceptive and misleading, and it noted that the "most widely accepted tests" for making this determination are based on the concept of either the "least sophisticated consumer" or the "unsophisticated consumer."  103 F.3d 1232, 1236 (5th Cir. 1997).  It did not find it necessary to choose between the standards under the facts of that case because the letter "was deceptive and misleading under either standard."  *Id.* at 1236.  It is clear from the Fifth Circuit's analysis in *Taylor* that these standards apply to the determination of whether the debt collector made false, deceptive, or misleading representations.  This is not what is at issue in this case, as the M&R clearly refers to Sullivan's statement as a "misrepresentation" notwithstanding that Sullivan made the statement based on a misunderstanding of the law.  The M&R recommends that the court grant summary judgment with respect to the claims against Sullivan because he was not attempting to *collect a debt* when he made this (unintentional) misrepresentation.  There is nothing in the cases cited by Luker that indicates that the threshold determination of whether the

3

prohibited practice was used to *collect a debt* should be considered from the perspective of the least sophisticated or unsophisticated consumer.

### 3.     Factual Inaccuracies

Luker also claims that the facts that the M&R uses to conclude that Sullivan was not attempting to collect a debt are incorrect.  Specifically, the M&R notes that Luker had secured funding for the entire settlement amount and authorized a check to GC Services when she made the call to Sullivan, so Sullivan was not attempting to collect a debt because Luker's account was already in "compliance."  Dkt. 70 at 15.  Luker claims that she had not "secured funding for the entire settlement amount" because her checking account was short $200.  Dkt. 71.  However, the record demonstrates that Luker *had* secured the entire amount.  It just had not reached her bank yet.  She mailed a check to her bank to cover the remaining $200 before she called Sullivan.  Then, she called Sullivan and asked him to change the date of her settlement check and to wait an extra day to deposit it because she had mailed a check for $200 to her bank, but she was concerned that the $200 check would not reach her bank before the settlement check was cashed.  *Id.*; Dkt. 49-2.  During the course of this conversation and in response to Luker's questions about previous representations by representatives of Defendant, Sullivan told Luker that a creditor could not garnish a disability check before it was cashed but that it could levy the checking account even if the funds in the account were from a disability check.  Both parties agree that this statement was based on Sullivan's inaccurate understanding of the law.  Dkt. 70 at 9 & n.48.  However, Sullivan assured Luker that her account would not be garnished because she was "in compliance with" her account.  Dkt. 70 (citing Sullivan=s deposition).  Sullivan had no reason to believe that Luker's account would not remain "in compliance" because, while Luker advised him that her checking account was short $200, she also said that the check was in the mail to her bank, and, while she did *limit* the authorization of the check she had sent that brought her account into compliance by asking that GC Services wait one extra day to cash it, she *authorized*

4

the check nonetheless. *See* Dkt. 71; *see also* Dkt. 49-4 (Sullivan's deposition). Thus, the M&R correctly concludes that the incorrect legal statement Sullivan made about a creditor's ability to garnish a checking account when the only funds in the account are from a disability account was not made "to collect a debt."

Because the statements made by Sullivan upon which Luker relies for her claims under the TDCPA and FDCPA were not made "to collect a debt," Luker's objections to the M&R's recommendation that the court dismiss these claims is OVERRULED. Luker's TDCPA and FDCPA claims relating to Sullivan's comments are DISMISSED WITH PREJUDICE.

**B.    DTPA Claims**

The M&R recommends that Luker's DTPA claims be dismissed because Luker does not have standing as a "consumer." Dkt. 70 at 15-18. The M&R relies on *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 842-44 (S.D. Tex. 2009) (Gilmore, J.), *aff'd* 397 Fed. App'x 24 (5th Cir. 2010). The court finds the reasoning in *Cushman* and in the M&R sound and finds no further analysis necessary. Accordingly, the court OVERRULES Luker's objection, ADOPTS the M&R's reasoning with respect to its recommendation that the court dismiss Luker's DTPA claim, and DISMISSES Luker's DTPA claim with prejudice.

**C.    Exemplary Damages**

Defendant argued in its motion for summary judgment that the court should dismiss the claims for exemplary damages for the alleged violations of §§ 392.301(a)(8) and 392.304(a)(19) because "neither provision of the TDCPA pled provides Plaintiff a claim for relief for exemplary or statutory damages," and the "deadline to amend pleadings has closed." Dkt. 52. The M&R recommends that the court grant the motion with respect to Luker's claim for statutory exemplary damages and deny the motion with respect to her claims for common law exemplary damages for a purported violation of Texas Finance Code § 392.304(a)(19) by Greg Reese. Otherwise, the M&R recommends that Luker's claim for common law exemplary damages be

5

dismissed, specifically the alleged § 392.304(a)(19) violations by Guy Sullivan and Steve Hill and the alleged § 392.301(a)(8) violation by Reese.  Dkt. 71.  Luker claims that she did not assert a claim for statutory exemplary damages, so she does not object to the M&R's recommendation that any such claims be dismissed.  She argues, however, that a jury should decide whether to award common law exemplary damages as to each alleged violation of the TDCPA.  The court is not convinced that the claims for exemplary damages relating to the statements of specific individuals should be dismissed at this time.  Accordingly, Luker's objection is SUSTAINED.  GC Services' motion for summary judgment is GRANTED with respect to Luker's claim for statutory exemplary damages, to the extent she asserted such a claim, and it is DENIED with respect to Luker's claim for common law exemplary damages.

D.    **Economic Damages**

The M&R recommends that Luker's claim for economic damages be dismissed because she has provided no evidence of economic damages.  Dkt. 70.  The court agrees with the M&R's analysis and reasoning with regard to this recommendation.  Therefore, Luker's objection to the M&R's recommendation that her claim for economic damages be dismissed is OVERRULED.  Luker's claim for economic damages is DISMISSED WITH PREJUDICE.

## II. CONCLUSION

Defendant's Motion for Partial Summary Judgment Regarding Guy Sullivan (Dkt. 48) is **GRANTED**.  Plaintiff's claims under the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act that relate to the conduct of Guy Sullivan are hereby **DISMISSED WITH PREJUDICE**.  Defendant's Motion for Partial Summary Judgment on Plaintiff's Actual Damages Claims (Dkt. 50) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** to the extent it seeks summary judgment because Plaintiff has not provided evidence of actual economic damages.  Plaintiff's claim for economic damages is hereby **DISMISSED WITH PREJUDICE**.  The motion is **DENIED** to the extent it seeks summary

judgment on the issue of noneconomic damages. Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim Under 47 U.S.C. § 227(b)(A) (iii) (Dkt. 51) is **GRANTED**. Plaintiff's claim under 47 U.S.C. § 227(b)(A) (iii) is hereby **DISMISSED WITH PREJUDICE**. Defendant's Motion for Summary Judgment on Plaintiff's Claims for Statutory and Exemplary Damages Under the Texas Debt Collection Practice Act (Dkt. 52) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks summary judgment on Plaintiff's claim for statutory damages pursuant to Texas Finance Code § 392.403(e). Any claim for statutory damages pursuant to Texas Finance Code § 392.403(e) is hereby **DISMISSED WITH PREJUDICE**. The motion is **DENIED** to the extent that it seeks summary judgment on Plaintiff's claim for common law exemplary damages with respect to the purported violation of Texas Finance Code §§ 392.301(a)(8) and 392.304(a)(19). Defendant's Motion for Partial Summary Judgment on Plaintiff's Claims Under the Texas Business and Commerce Code (Dkt. 53) is **GRANTED**. Plaintiff's claims under the Texas Business and Commerce Code, Subchapter E, Chapter 17 (DTPA) are hereby **DISMISSED WITH PREJUDICE**.

It is so ORDERED.

Signed at Houston, Texas on April 27, 2011.

_____
Gray H. Miller
United States District Judge